SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.

**State in the Interest of E.S. (A-41/42-21) (086554)**

**Argued September 29, 2022 -- Decided November 22, 2022**

**SOLOMON, J., writing for the Court.**

In this appeal, the Court considers whether the trial court abused its discretion by choosing to hear the State's motion to waive family court jurisdiction and prosecute juvenile defendant E.S. as an adult before hearing E.S.'s motion to suppress the gun seized from him at the time of his arrest. The Court also considers whether, as the Appellate Division suggested, the Family Part should "apply a general preference" to hear suppression motions before deciding waiver motions.

Officers from the Elizabeth Police Department arrested E.S. and his co-defendant, Alleem Johnson, after they allegedly brandished handguns, pointed them at the officers' vehicle, and then ran away. Police arrested and searched E.S. and found a loaded semiautomatic handgun. Johnson was also arrested.

E.S. was charged as a juvenile with offenses eligible for waiver. Johnson, E.S.'s adult co-defendant, was charged in the Law Division, Criminal Part. Counsel for E.S. filed a motion to suppress the gun. Two weeks later, the State filed a motion pursuant to N.J.S.A. 2A:4A-26.1 to waive juvenile court jurisdiction and to transfer the case to the Law Division, Criminal Part, to prosecute E.S. as an adult. At some point that is not specified in the record, Johnson moved in the Criminal Part for the suppression of evidence seized from him.

The family court judge ultimately determined that the waiver motion should be heard before the suppression motion. The Appellate Division affirmed that judgment. The court concluded that, although "the Family Part has the discretion to determine the optimal sequence of proceedings," it should apply a general preference to have the suppression hearing conducted first in the Family Part. 470 N.J. Super. 9, 13-14 (App. Div. 2021). The Appellate Division found that in this case, however, the trial court did not abuse its discretion in choosing to hold the waiver hearing first. Id. at 14.

The Court granted E.S. leave to appeal and the State leave to cross-appeal. 250 N.J. 7 (2022); 250 N.J. 13 (2022).

1

**HELD:** The Court agrees with the Appellate Division that the trial court did not abuse its discretion in deciding to hear the defendant's waiver motion before considering his suppression motion. The Court declines, however, to adopt a preference that the Family Part hear suppression motions before waiver motions, holding instead that it is within the discretion of the Family Part to determine its schedule of proceedings and manage its calendar. The Court sets forth factors that Family Part judges should take into consideration in exercising their discretion as to the order in which to hear waiver and suppression motions.

1. The Court reviews in detail the waiver process under N.J.S.A. 2A:4A-26.1 and notes that there are fundamental distinctions between juvenile court and criminal court that render the waiver of jurisdiction by the Family Part a critically important action determining vitally important statutory rights of the juvenile. Notably, New Jersey's adult criminal justice system does not focus on rehabilitation and reformation, which are a hallmark of the juvenile system. In recognition of the significance of a waiver determination, the Court has found that due process requires that juveniles receive a hearing, effective assistance of counsel who have access to relevant information, a statement of reasons for the court's decision, and the opportunity to present evidence and testify. Nevertheless, constitutional due process in the juvenile waiver context stops short of constitutional guarantees arising from the question of admissibility of evidence at a trial on the merits, and strict adherence to the rules of evidence is not required at the probable cause hearing. (pp. 9-13)

2. The Court has recognized the importance of a trial court's inherent and necessary right to control its own calendar and the public's interest in the orderly administration of justice. Waiver motions fall categorically within the purview of the Family Part. Although motions to suppress evidence are not reserved to family court, the Family Part can, like its Criminal Part analog, consider motions to suppress evidence. (pp. 13-14)

3. Guided by those principles, the Court finds that the order of waiver and suppression proceedings does not touch upon the juvenile's due process rights and therefore holds that it is within the Family Part's sound discretion to decide the order in which it hears suppression and waiver motions. Nevertheless, in exercising its discretion, the Family Part should take several factors into consideration, including (1) whether the evidence that the defendant is seeking to suppress, if excluded, would be dispositive of probable cause or have a substantial effect on the case in chief; (2) whether there are co-defendants with suppression motions pending in the Family or Criminal Parts; and (3) judicial efficiency and management of the court's calendar. The Court provides detailed guidance about each factor. Although the Court considers those factors to be important in the determination of whether to hear a suppression or a waiver motion first, the Family Part may of course consider any additional factors that it finds relevant in exercising its discretion. (pp. 14-17)

2

4. Here, the prosecutor argued for waiver on the basis that probable cause existed to believe that E.S. had committed the delinquent act of possessing a firearm under circumstances that satisfied N.J.S.A. 2A:4A-26.1(c)(2)(j). Probable cause is not a high bar and requires in this context a demonstration that there is a well-grounded suspicion or belief that the juvenile committed the alleged crime. In determining that the interests of both E.S. and the judicial system would be better served by hearing the waiver motion first, the court cited State v. J.M., 182 N.J. 402, 417 (2005), for the proposition that, even without a weapon, "the State's sole reliance upon the testimony of a police officer was sufficient to show probable cause that the juvenile committed robbery and an aggravated assault." The court explained that, "even without the evidence that is suppressed, if this Court finds probable cause to waive this juvenile up, it would defeat the purpose [of hearing the suppression motion first]." Although the trial court was not persuaded that the co-defendant's pending motion to suppress in the Criminal Part militated in favor of hearing the waiver application first -- a consideration the Court adopts as salient in its opinion -- the Court finds no abuse of discretion in the trial court's grant of the State's request to hear the waiver motion first in this matter. Indeed, the existence of the co-defendant's suppression motion in the Criminal Part at the time was another factor that favored the order of proceedings adopted here. (pp. 18-19)

**AFFIRMED AS MODIFIED and REMANDED to the Family Part.**

**JUSTICE PIERRE-LOUIS, concurring,** joins the Court's holding that the trial court did not abuse its discretion in deciding to consider defendant's waiver motion before the suppression motion in this matter but would adopt a general preference to conduct suppression hearings prior to considering waiver motions.

**CHIEF JUSTICE RABNER; JUSTICE PATTERSON; and JUDGE FISHER (temporarily assigned) join in JUSTICE SOLOMON's opinion. JUSTICE PIERRE-LOUIS filed a concurrence. JUSTICE FASCIALE and JUDGE SABATINO (temporarily assigned) did not participate.**

# SUPREME COURT OF NEW JERSEY

## A-41/42 September Term 2021

### 086554

---

State in the Interest of E.S., a juvenile.

---

On appeal from the Superior Court,
Appellate Division, whose opinion is reported at
470 N.J. Super. 9 (App. Div. 2021).

---

| Argued | Decided |
|---|---|
| September 29, 2022 | November 22, 2022 |

---

Michael Denny, Assistant Deputy Public Defender,
argued the cause for appellant/cross-respondent E.S.
(Joseph E. Krakora, Public Defender, attorney; Michael
Denny, of counsel and on the briefs).

Milton S. Leibowitz, Assistant Prosecutor, argued the
cause for respondent/cross-appellant State of New Jersey
(William A. Daniel, Union County Prosecutor, attorney;
Milton S. Leibowitz, of counsel and on the briefs).

Adam D. Klein, Deputy Attorney General, argued the
cause for amicus curiae Attorney General of New Jersey
(Matthew J. Platkin, Attorney General, attorney; Adam
D. Klein, of counsel and on the brief).

Kristina Kersey argued the cause for amici curiae Rutgers
Criminal and Youth Justice Clinic, the Gault Center, and
the Association of Criminal Defense Lawyers of New
Jersey (Rutgers Criminal and Youth Justice Clinic, the
Gault Center, and Jardim, Meisner & Susser, attorneys;
Kristina Kersey, Laura Cohen, and Michael V. Gilberti,
on the brief).

Anthony V. Pierro, Chief Juvenile Attorney, Ocean County Prosecutor's Office, argued the cause for amicus curiae New Jersey Juvenile Prosecutors Leadership Network (New Jersey Juvenile Prosecutors Leadership Network, attorneys; Anthony V. Pierro, of counsel and on the brief, Lisa Ledoux, Assistant Hudson County Prosecutor, Anthony Higgins, Special Deputy Attorney General/Acting Essex County Prosecutor, Jennifer Moran, Assistant Mercer County Prosecutor, Jason Harding, Assistant Passaic County Prosecutor, and Kelly Shelton, Assistant Warren County Prosecutor, on the brief).

JUSTICE SOLOMON delivered the opinion of the Court.

In March 2021, defendant E.S. was arrested and charged as a juvenile with weapons and other offenses that would constitute indictable offenses if committed by an adult. Defense counsel moved to suppress the gun seized from defendant at the time of his arrest. Two weeks later, the State moved to waive family court jurisdiction and transfer the case to the Law Division, Criminal Part, to prosecute E.S. as an adult. The family court initially decided to hear the suppression motion before the waiver motion but, following the State's motion for reconsideration, resolved to hear the waiver motion first. The Appellate Division affirmed but expressed a "general preference" for the Family Part to hear suppression motions before waiver motions.

In this appeal, we are called upon to decide whether the trial court abused its discretion by choosing to hear the State's waiver motion before E.S.'s suppression motion. We also consider whether the Family Part should "apply a general preference" to hear suppression motions before deciding waiver motions.

We now modify and affirm the judgment of the Appellate Division. We agree with the Appellate Division that the trial court did not abuse its discretion in deciding to hear defendant's waiver motion before considering his suppression motion, and we remand to the family court for further proceedings.

We decline, however, to adopt a preference that the Family Part hear suppression motions before waiver motions. Rather, we hold that it is within the discretion of the Family Part to determine its schedule of proceedings and manage its calendar. In exercising their discretion as to the order in which to hear waiver and suppression motions, Family Part judges should take several factors into consideration, including (1) whether the evidence that the defendant is seeking to suppress, if excluded, would be dispositive of probable cause or have a substantial effect on the case in chief; (2) whether there are co-defendants with suppression motions pending in the Family or Criminal Parts; and (3) judicial efficiency and management of the court's calendar.

3

I.

A.

The family court record reveals that plainclothes officers of the Elizabeth Police Department's Narcotics Unit were conducting routine surveillance from an unmarked black Jeep when they observed E.S. and his co-defendant, Alleem Johnson, walking down the street. When E.S. and Johnson suddenly stopped, Detective Alex Gonzalez observed E.S. reach into his right pants pocket while shielding the outside of his pocket with his left hand. Johnson simultaneously reached toward his own waistband. Gonzalez reported that E.S. and Johnson both "maintained a hard stare at [the police] vehicles" and that, after the officers "pass[ed] both suspects, both males panned their heads from left to right, maintaining visual of [the police] vehicle while diagonally crossing the street."

The officers watched E.S. and Johnson as they crossed the street, then circled the block and returned to where they last saw E.S. and Johnson. Gonzalez opened his door and yelled "Stop! Police!" According to Gonzalez, E.S. and Johnson defied the command, brandishing handguns and briefly pointing them at the jeep before running away. The police pursued them, and E.S. was arrested further down the street while trying to jump a fence. Police

4

searched E.S. and found a loaded semiautomatic handgun. Johnson was also arrested.

B.

E.S. was charged as a juvenile with offenses that, if committed by an adult, would constitute second-degree possession of a firearm for an unlawful purpose, third-degree aggravated assault by pointing or displaying a firearm at a law enforcement officers, second-degree unlawful possession of a handgun, fourth-degree obstructing the administration of law or other governmental function, and fourth-degree resisting arrest. Johnson, E.S.'s adult co-defendant, was charged in the Law Division, Criminal Part.[1]

Defense counsel filed a motion to suppress physical evidence -- the gun seized from defendant. Two weeks later, the State filed a motion pursuant to N.J.S.A. 2A:4A-26.1 to waive juvenile court jurisdiction and to transfer the case to the Law Division, Criminal Part, to prosecute E.S. as an adult.

The family court judge chose to hear the suppression motion before the waiver motion, after which the State filed a motion for reconsideration asking

---

[1] The record does not provide the details of the prosecution of Johnson, but the parties agree that Johnson was charged in the Criminal Part with offenses arising out of the same criminal episode. According to the Appellate Division opinion, defense counsel represented at oral argument that Johnson filed his own motion to suppress evidence in the Criminal Part. Johnson, however, pled guilty to two counts of second-degree possession of a weapon for an unlawful purpose before his suppression motion could be heard.

5

the trial court to revisit its decision and resolve the waiver motion first. The judge rejected the arguments made by both parties at the hearing on the motion for reconsideration but ruled that the waiver motion should be heard first. The judge explained that he had been informed by other judges that juvenile judges typically hear waiver motions first due to interests of judicial efficiency.

The family court judge granted a stay of that order pending a motion for leave to appeal to the Appellate Division, which was granted. Citing the vast difference between the adult and juvenile justice systems and the significant impact of waiver on juvenile defendants, E.S. asserted that "the trial court's decision to hear the juvenile waiver motion before the motion to suppress was an abuse of discretion and a violation of the juvenile's right to due process" because the consideration of inadmissible evidence during the waiver hearing would be improper, give the State an unfair advantage, and undermine the expanded rights granted to juveniles by this Court in State v. J.M., 182 N.J. 402, 411 (2005).

The Appellate Division affirmed the trial court's judgment. The court concluded that, although "the Family Part has the discretion to determine the optimal sequence of proceedings," it should apply a general preference to have the suppression hearing conducted first in the Family Part. State in Int. of E.S., 470 N.J. Super. 9, 13-14 (App. Div. 2021). The Appellate Division

6

found that in this case, however, the trial court did not abuse its discretion in choosing to hold the waiver hearing first.  Id. at 14.

E.S. filed a motion for leave to appeal, and the State filed a motion for leave to cross-appeal.  We granted both motions.  250 N.J. 7 (2022); 250 N.J. 13 (2022).  We also granted leave to appear as amici curiae to the Attorney General of New Jersey; the Rutgers Criminal and Youth Justice Clinic, the Gault Center, and the New Jersey Association of Criminal Defense Lawyers (collectively, the "Rutgers amici"); and the New Jersey Juvenile Prosecutors Leadership Network (JPLN).

## II.

The issues presented by this appeal are (1) whether the Family Part should "apply a general preference" to hear suppression motions before deciding waiver motions; and (2) whether the trial court abused its discretion in this case by choosing to hear the State's waiver motion before E.S.'s suppression motion.

E.S. argues that this Court should affirm the Appellate Division's ruling by establishing a per se rule -- or, at minimum, a presumption -- that suppression motions should always be heard prior to waiver motions.  E.S. requests that we reverse the Appellate Division's remand instructions to the

7

Family Part and direct that the trial court hear his suppression motion before the waiver motion.[2]

The State requests that this Court reverse the Appellate Division's ruling and adopt a bright-line rule declaring that waiver motions should be heard before substantive motions, such as motions to suppress. The State argues that the Appellate Division erred by applying a general preference to hold suppression hearings prior to waiver hearings, which (1) is at odds with the nature of waiver hearings as a preliminary jurisdictional determination; (2) creates confusion for trial courts applying the preference; and (3) is unnecessary given the speculative harms, current statutory structure, and procedural safeguards protecting a juvenile.

The Attorney General echoes many of the State's arguments and asks this Court to affirm the Appellate Division but to hold that Family Part judges

---

[2] Defendant also urges this Court to hold that the State's failure to consent to reverse waiver after a successful suppression motion in the Criminal Part is an abuse of discretion. The waiver statute provides for reverse waiver, see N.J.S.A. 2A:4A-26.1(f), and the Appellate Division's opinion in this case reflects representations by the State as to the availability of the reverse-waiver process, see E.S., 470 N.J. Super. at 22-23. New Jersey courts have consistently held that they will "not render advisory opinions or function in the abstract." Crescent Park Tenants Ass'n v. Realty Equities Corp. of N.Y., 58 N.J. 98, 107 (1971). Because we find that the issue of reverse waiver is not ripe for adjudication in this matter, we decline to consider the proper standard of review for reverse waiver.

should have discretion to proceed with waiver before the parties litigate a juvenile defendant's suppression motion.  JPLN agrees with the State and the Attorney General and asks this Court to reverse the Appellate Division and create a bright-line rule that substantive motions should not be heard prior to waiver motions.

The Rutgers amici ask this Court to create a presumption that suppression motions be heard prior to waiver motions, which could be overcome if defense counsel determines that post-waiver filing of the suppression motion would be in the juvenile's best interest.

### III.

To resolve the issues before us -- whether the Family Part should "apply a general preference" to hear suppression motions before waiver motions; and whether the trial court abused its discretion by choosing to hear the State's waiver motion before E.S.'s suppression motion -- we begin by reviewing the waiver process and the discretion of our trial courts to control their calendars.

### A.

The decision whether to seek waiver vests in the prosecutor.  "The Juvenile Code allows prosecutors to seek to proceed in adult court against juveniles who have committed certain serious offenses" through the waiver process set forth in N.J.S.A. 2A:4A-26.1.  See State in Int. of N.H., 226 N.J.

9

242, 248 (2016). Under the waiver statute, prosecutors have sixty days after receipt of a complaint to move for waiver. N.J.S.A. 2A:4A-26.1(a). In order for its waiver motion to be granted, the prosecution must establish that "[t]he juvenile was fifteen years of age or older at the time of the alleged delinquent act; and . . . [t]here is probable cause to believe that the juvenile committed a delinquent act which if committed by an adult would constitute" one or more enumerated offenses. Id. at (c)(1) to (2); see also N.H., 226 N.J. at 255. Probable cause signifies that there "is 'a well-grounded suspicion or belief that the juvenile committed the alleged crime.'" State v. A.D., 212 N.J. 200, 205 (2012) (quoting State v. J.M., 182 N.J. 402, 417 (2005)).

If a juvenile is eligible for waiver under subsections (c)(1) and (c)(2) of the statute, the prosecutor considers a statutory list of eleven factors to determine whether to seek waiver in a given case. N.J.S.A. 2A:4A-26.1(c)(3); see also id. at (c)(3)(a) to (c)(3)(j). Those factors include considerations such as "[t]he nature and circumstances of the offense charged," id. at (c)(3)(a), as well as the juvenile's "[a]ge and maturity," id. at (c)(3)(d), "[d]egree of criminal sophistication," id. at (c)(3)(f), and "prior history of delinquency," id. at (c)(3)(g). The waiver statute provides that "[t]he Attorney General may develop . . . guidelines or directives deemed necessary or appropriate to

10

ensure" uniformity in the application of those factors in deciding whether to pursue waiver. N.J.S.A. 2A:4A-26.1(c).

At a waiver hearing, the court reviews the evidence offered by both the State and the juvenile. Id. at (b). In general, if the prosecution makes the requisite showing, "the court shall waive jurisdiction of a juvenile delinquency case." Id. at (c). However, "[t]he court may deny a motion by the prosecutor to waive jurisdiction of a juvenile delinquency case if it is clearly convinced that the prosecutor abused his discretion in considering the [eleven statutory] factors in deciding whether to seek a waiver." Id. at (c)(3); accord State in Int. of Z.S., 464 N.J. Super. 507, 519 (App. Div. 2020). Thus, although the court is not bound by a prosecutor's decision to seek waiver, it reviews that decision under the deferential abuse of discretion standard. See N.H., 226 N.J. at 249-51; Z.S., 464 N.J. Super. at 519-20.

There are fundamental distinctions between juvenile court and criminal court that render "the waiver of jurisdiction [by the Family Part] . . . a 'critically important' action determining vitally important statutory rights of the juvenile." State v. R.G.D., 108 N.J. 1, 4 (1987) (alteration in original) (quoting State in Int. of R.L., 202 N.J. Super. 410, 412 (App. Div. 1985)); see also N.H., 226 N.J. at 252-53. Notably, New Jersey's Juvenile Code seeks to "provide balanced attention to the protection of the community, the imposition

11

of accountability for offenses committed, fostering interaction and dialogue between the offender, victim, and community, and the development of competencies to enable children to become responsible and productive members of the community." N.J.S.A. 2A:4A-21(f). Conversely, New Jersey's adult criminal justice system does not focus on "rehabilitation and reformation." See State in Int. of C.K., 233 N.J. 44, 68 (2018). Rather, those aims are "a hallmark of the juvenile system." Ibid.

In recognition of the significance of a waiver determination, we have considered a juvenile's rights in the context of waiver proceedings and found that "due process requires that juveniles receive a hearing, effective assistance of counsel who have access to relevant information, and a statement of reasons for the court's decision." N.H., 226 N.J. at 253. And because "'the probable cause portion of the waiver hearing . . . is such a meaningful and critical stage of the proceedings,' we required that juveniles be allowed to present evidence and testify at waiver hearings." Ibid. (omission in original) (quoting J.M., 182 N.J. at 416).

Nevertheless, although "[c]onstitutional due process in the juvenile waiver context includes an 'opportunity to be heard and present evidence,'" it "stops short of 'constitutional guarantees arising from the question of admissibility of evidence at a trial on the merits.'" E.S., 470 N.J. Super. at 19

12

(emphasis omitted) (quoting State v. B.T., 145 N.J. Super. 268, 273 (App. Div. 1976)).  Similarly, "[t]he notion that strict adherence to the rules of evidence is not required at the probable cause hearing remains unchanged."  J.M., 182 N.J. at 417; see also State v. B.G., 247 N.J. Super. 403, 409 (App. Div. 1991) (noting that the State can use hearsay evidence to establish probable cause in a waiver hearing).

B.

The waiver decision rests with the Family Part of the Chancery Division, and family court judges, like all trial court judges, have substantial discretion in determining when and in what order motions, including waiver motions, will be heard.  Although that discretion is not absolute, we have recognized the importance of "[a trial court's] inherent and necessary right to control its own calendar and the public's interest in the orderly administration of justice."  State v. Miller, 216 N.J. 40, 67 (2013) (alteration in original) (quoting State v. Hayes, 205 N.J. 522, 538 (2011)).

Generally, because "[t]he Family Part is the court that handles juvenile matters," R.G.D., 108 N.J. at 4, we frequently defer to the Family Part's "special jurisdiction and expertise in family matters," see Cesare v. Cesare, 154 N.J. 394, 413 (1998).  In this appeal, the family court had before it a waiver motion and a suppression motion.  Waiver motions fall categorically

within the purview of the Family Part. Although motions to suppress evidence are not reserved to family court, the Family Part can, like its Criminal Part analog, consider motions to suppress evidence as well. See R. 3:5-7; see, e.g., State in Int. of A.P., 315 N.J. Super. 166, 167 (Ch. Div. 1998). Although the "subject matter of suppression motions runs the gamut from search and seizures, police interrogations, eyewitness identifications, and other topics," both the Family and Criminal Parts are "well equipped" to adjudicate such motions, and "[w]e apply no different standards on appeal to suppression decisions made by Family Part judges as opposed to Criminal Part judges." E.S., 470 N.J. Super. at 20.

## IV.

With those principles in mind, we first consider whether to impose a preferred order for hearing suppression and waiver motions and then turn to the court's decision to consider waiver before deciding the suppression motion in this case.

## A.

We recognize the importance of waiver proceedings and juvenile defendants' rights in the context of such proceedings, but we still give deference to the Family Part's discretion to determine its schedule of proceedings and to manage its calendar in light of the respective rights and

14

interests of all parties.  Cf. Miller, 216 N.J. at 67 (noting in the context of adjournment applications factors that a trial court should consider in the interest of "strik[ing] a balance between [a trial court's] inherent and necessary right to control its own calendar and the public's interest in the orderly administration of justice, on the one hand, and the defendant's constitutional right to obtain counsel of his own choice, on the other" (quoting Hayes, 205 N.J. at  538)).  Our decision is also guided by the fact that under current law, a waiver hearing is not circumscribed by the Rules of Evidence -- "a probable cause hearing 'does not have the finality of trial,' and 'need not be based solely on evidence admissible in the courtroom.'"  B.G., 247 N.J. Super. at 409 (first quoting State in Int. of J.L.W., 236 N.J. Super. 336, 346 (App. Div. 1989), and then quoting State in Int. of A.J., 232 N.J. Super. 274, 286 (App. Div. 1989)).

In sum, the order of waiver and suppression proceedings does not touch upon the juvenile's due process rights to be heard and present evidence, and we therefore hold that it is within the Family Part's sound discretion to decide the order in which it hears suppression and waiver motions.  Nevertheless, in exercising its discretion, the Family Part should take several factors into consideration.

15

Because a finding of probable cause is essential to waiver, the Family Part should consider whether the evidence a defendant is seeking to suppress would, if suppressed, be dispositive of probable cause prior to considering the merits of waiver. Similarly, the Family Part should consider whether suppression would have a substantial effect on the case in chief. If a motion to suppress would result in dismissal of waivable charges against a defendant, that factor would weigh in favor of hearing the suppression motion prior to beginning the waiver process. The same would be true if the evidence which the defendant is seeking to suppress, if suppressed, would have a substantial effect on the case in chief.

The Family Part should also consider whether there are any co-defendants with suppression motions pending in the Family or Criminal Parts. For example, if a co-defendant's corresponding motion to suppress based on the same criminal episode is pending in the Criminal Part, that would weigh in favor of the waiver motion being heard first to respect the interests of co-defendants, ensure consistency, and serve judicial efficiency. Similarly, a co-defendant's corresponding motion to suppress pending in the Family Part favors hearing the suppression motion first for the same reasons.

Finally, the Family Part should consider the anticipated amount of time before the respective waiver and suppression motions are or will be filed, and

16

hearings can be conducted. A waiver motion should be filed within sixty days after the receipt of the complaint, N.J.S.A. 2A:4A-26.1(a), but there is no similar time limitation for filing a motion to suppress, see R. 3:5-7; R. 3:10-2. Nevertheless, there may be compelling practical or logistical considerations suggesting resolution of the waiver motion more quickly than the suppression motion and vice versa. The Family Part should have the flexibility to consider such circumstances.

Although we consider those factors to be important in the determination of whether to hear a suppression motion or a waiver motion first, the Family Part may of course consider any additional factors that it finds relevant in exercising its discretion. Ultimately, the order of proceedings is left to the Family Part's sound discretion. We decline to adopt a preference on the matter, and we turn next to the court's decision to hold a waiver hearing prior to a hearing on the suppression motion in this case.

B.

The trial court's decision whether to grant waiver is reviewed on appeal for abuse of discretion. R.G.D., 108 N.J. at 15. Appellate courts review "whether the correct legal standard has been applied, whether inappropriate factors have been considered, and whether the exercise of discretion constituted a 'clear error of judgment' in all of the circumstances." Ibid.

17

(quoting State v. Humphreys, 89 N.J. 4, 13 (1982)). We similarly review for abuse of discretion the court's determination that a waiver hearing can be conducted prior to a suppression hearing.

Here, the prosecution established that defendant's age and charged offense satisfied the waiver statute's requirements. See N.J.S.A. 2A:4A-26.1(c)(1), (c)(2)(j). Defendant does not question whether he is subject to waiver but argues that the evidence that is the foundation of the State's case should be suppressed and that his motion to suppress that evidence should therefore be heard and resolved before waiver to the Criminal Division is considered.

The prosecutor argued for waiver on the basis that probable cause existed to believe that E.S. had committed the delinquent act of possessing a firearm with either "a purpose to use it unlawfully against the person of another under subsection a. of N.J.S.A. 2C:39-4," or "while committing or attempting to commit, including the immediate flight therefrom, aggravated assault, aggravated criminal sexual contact, burglary, or escape," N.J.S.A. 2A:4A-26.1(c)(2)(j). Probable cause, as we have noted, is not a high bar and requires in this context a demonstration that there "is 'a well-grounded suspicion or belief that the juvenile committed the alleged crime.'" A.D., 212 N.J. at 205 (quoting J.M., 182 N.J. at 417).

18

In determining that the interests of both E.S. and the judicial system would be better served by hearing the waiver motion first, the court cited J.M., 182 N.J. at 417, for the proposition that, even without a weapon, "the State's sole reliance upon the testimony of a police officer was sufficient to show probable cause that the juvenile committed robbery and an aggravated assault." The court explained that, "even without the evidence that is suppressed, if this Court finds probable cause to waive this juvenile up, it would defeat the purpose [of hearing the suppression motion first]." The court found that the order in which the motions were filed did not outweigh the practical considerations that favored hearing the waiver motion first, particularly given that the State had made known from the outset its intent to seek waiver and that defendant would have a chance to move for suppression even if waiver were granted and would thus not be prejudiced by the order of proceedings.

Although the court was not persuaded by the prosecution's argument that the co-defendant's pending motion to suppress in the Criminal Part militated in favor of hearing the waiver application first -- a consideration we adopt as salient in this opinion -- we find no abuse of discretion in the trial court's grant of the State's request to hear the waiver motion first in this matter. Indeed, the existence of the co-defendant's suppression motion in the Criminal Part at the time was another factor that favored the order of proceedings adopted here.

19

## V.

The judgment of the Appellate Division is affirmed as modified, and the matter is remanded to the Chancery Division, Family Part.

CHIEF JUSTICE RABNER; JUSTICE PATTERSON; and JUDGE FISHER (temporarily assigned) join in JUSTICE SOLOMON's opinion. JUSTICE PIERRE-LOUIS filed a concurrence. JUSTICE FASCIALE and JUDGE SABATINO (temporarily assigned) did not participate.

State in the Interest of E.S., a juvenile.

JUSTICE PIERRE-LOUIS, concurring.

I agree with and join the Court's holding that the trial court did not abuse its discretion in deciding to consider defendant's waiver motion before the suppression motion in this matter. I write separately to note that I would adopt the general preference for the Family Part to conduct suppression hearings prior to considering waiver motions, as suggested by the Appellate Division. See State in Int. of E.S., 470 N.J. Super. 9, 13, 18-19 (App. Div. 2021).

1